1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ANTHONY D. WAFER,

11          Plaintiff,                    1:07-cv-00865 ALA P

12      vs.

13  W. SUESBERRY, MD, et al.,

14          Defendants.              <u>ORDER</u>

15  _____/

16      Plaintiff Anthony Wafer is proceeding pro se and in forma pauperis in this civil rights

17  action pursuant to 42 U.S.C. § 1983.  On June 18, 2007, plaintiff filed an original complaint.

18  Review of that complaint finds that defendants are employees of a governmental entity.

19                              **I**

20      Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen

21  complaints brought against a governmental entity or officer or employee of a governmental

22  entity.  The court must dismiss the complaint if the claims contained in it, even when read

23  broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted,

24  or seek money damages from a defendant who is immune from such relief.  28 U.S.C. §

25  1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke*

26

*v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this court] must accept

1    [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court

2    may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

3    that could be proved consistent with the allegations." *Id.*

4      "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

5    complained of was committed by a person acting under color of state law; and (2) that the

6    conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*,

7    466 F.3d 676, 689 (9th Cr. 2006). Upon review, this court finds that the original complaint does

8    not state a cognizable claim for relief.

9                            **II**

10      Plaintiff's allegations concern his medical treatment after the removal of a keloid

11    formation. "The unnecessary and wanton infliction of pain upon incarcerated individuals under

12    color of law constitutes a violation of the Eight Amendment." *Toguchi v. Chung*, 391 F.3d 1051,

13    1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "A

14    violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a

15    prisoner's medical needs." *Id.* at 1057.

16      "In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v.*

17    *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical

18    need' by demonstrating that 'failure to treat a prisoner's condition could result in further

19    significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *McGuckin*,

20    974 F.2d at 1059). "Second, the plaintiff must show the defendant's response to the need was

21    deliberately indifferent." *Id.* A plaintiff can show a defendant's response was deliberately

22    indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or

23    possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear

24    when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

25    shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*,

26    974 F.2d at 1059).

1   "A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and

2   disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057.   "Under this

3   standard, the prison official must not only 'be aware of facts from which the inference could be

4   drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

5   inference.'" *Id.*  (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'[D]eliberate

6   indifference to medical needs may be shown by circumstantial evidence when the facts are

7   sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4

8   (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

9        Plaintiff first alleges that he "never received any medication for pain."  Complaint at 3.

10  However, plaintiff does not indicate whether or not he ever requested medication for pain.  As

11  such, it is unclear whether any defendant subjected plaintiff to the unnecessary and wanton

12  infliction of pain.

13       Plaintiff also alleges that he was referred or scheduled for various procedures or

14  consultations that were never followed through on by "Corcoran's Medical Department."  *Id*. at

15  5.  As noted above, the delay or interference with medical treatment constitutes deliberate

16  indifference.  However, plaintiff has not identified a specific person responsible for the alleged

17  failure to "follow through."  As such, it is impossible for this court to order service of process.

18                                                **III**

19       To proceed Plaintiff must file a first amended complaint.  Any amended complaint must

20  show that the federal court has jurisdiction and that plaintiff's action is brought in the right place,

21  that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for

22  particular relief.  Plaintiff must identify as a defendant only persons who personally participated

23  in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588

24  F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

25  right if he does an act, participates in another's act or omits to perform an act he is legally

26  required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a

                                                  3

1   conspiracy, he must identify the participants and allege their agreement to deprive him of a

2   specific federal constitutional right.

3          In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED.

4   R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.

5   FED. R. CIV. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6   occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

7          The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

8   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9   heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.

10  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

11         Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

12  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

13  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

14  claim."); FED. R. CIV. P. 8.

15         Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

16  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

17  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

18  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

19  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

20  Civil Procedure is fully warranted" in prisoner cases).

21         A district court must construe pro se pleading "liberally" to determine if it states a claim

22  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

23  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

24  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

25  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

26  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 CAL. ADMIN. CODE § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

**IV**

Therefore, IT IS HEREBY ORDERED that:

    1. Plaintiff's June 18, 2007, original complaint is dismissed; and

    2. Plaintiff is granted thirty-five (35) days from the date of this order to file a first amended complaint. Failure to do so may result in dismissal of this action.

1    /////

2    Dated: February 21, 2008

3                                                                /s/ Arthur Alarcón
                                                           UNITED STATES CIRCUIT JUDGE
4                                                          Sitting by Designation

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26