# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. WAFER,<br><br>  Plaintiff,<br><br>  v.<br><br>W. SUESBERRY, et al.,<br><br>  Defendants.<br>_____ / | CASE NO. 1:07-cv–00865-AWI-BAM PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS (ECF No. 22)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE (ECF No. 29)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR COPIES AND DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A COPY OF THE MOTION FOR SUMMARY JUDGMENT (ECF No. 30) |

Plaintiff Anthony D. Wafer is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on June 18, 2007. (ECF No. 1.) On February 22, 2008, the complaint was dismissed, with leave to amend. (ECF No. 9.) On May 15, 2009, the first amended complaint was dismissed, with leave to amend. (ECF No. 13.) On July 19, 2010, Plaintiff second amended complaint was screened, and findings and recommendations issued recommending dismissing the action for failure to state a cognizable claim. (ECF No. 22.) On October 17, 2011, this action was reassigned to the undersigned. (ECF No. 28.) On December 29, 2011, Plaintiff filed a motion for summary judgment. (ECF No. 29.) On January 12, 2012, Plaintiff filed a motion for a copy of his summary judgment motion. (ECF No. 30.)

Based upon the reassignment of this action, the Court has reviewed this case and determined that the previously issued findings and recommendations shall be vacated. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

1  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or
2  portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails
3  to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant
4  who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint will be screened
5  in due time.

6        The Court has yet to find that Plaintiff's second amended complaint states a claim upon
7  which relief could be granted. As such, none of the Defendants have been served or have appeared
8  in this case. With this procedural background in mind, the Court will address Plaintiff's pending
9  motion.

10       Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary
11 judgment, the opposing party should have a sufficient opportunity to discover information essential
12 to its position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In other words, the
13 case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target
14 to know what evidence likely can be mustered and be afforded a reasonable opportunity to present
15 such evidence. Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th
16 Cir.1985). Until such time as Defendants have entered an appearance and had the opportunity to
17 conduct discovery, Plaintiff's motion for summary judgment is premature. Once Defendants have
18 filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions
19 will be set.

20       Finally, Plaintiff requests a copy of the motion for his summary judgment. Plaintiff is
21 advised that it is his responsibility to keep copies of any documents that he submits to the court and
22 he needs to take whatever steps necessary, whether it be hand copying the motion or planning ahead
23 to allow himself enough time to obtain the copies prior to submitting his pleadings. If Plaintiff needs
24 additional time to obtain copies of his pleadings, he needs to file a motion for extension of time prior
25 to the deadline provided by the court.

26       Generally, the Clerk's Office will provide copies for Plaintiff at a cost of $0.50 per page. The
27 Court will make an exception in this instance and will direct the Clerk's Office to provide a copy of
28 the motion for summary judgment at no charge. However, Plaintiff is advised that any further copies

1 | will need to paid for by Plaintiff.

    Based on the foregoing, IT IS HEREBY ORDERED that:

    1.    The findings and recommendations, filed July 19, 2010, is VACATED;

    2.    Plaintiff's motion for summary judgment, filed December 19, 2011, is DENIED; and

    3.    Plaintiff's request for copies is GRANTED, and the Clerk's Office is directed to send Plaintiff a copy of the motion for summary judgment, filed December 19, 2011.

    IT IS SO ORDERED.

**Dated:**   **July 18, 2012**               /s/ **Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE