1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY D. WAFER,                    )   Case No.: 1:07-cv-00865-AWI-BAM PC
                                          )
12                    Plaintiff,          )   FINDINGS AND RECOMMENDATIONS
                                          )   REGARDING  DEFENDANTS' MOTION TO
13            v.                          )   DISMISS FOR FAILURE TO EXHAUST
                                          )   ADMINISTRATIVE REMEDIES
14   W. SUESBERRY, et al.,                )   (ECF Nos. 22, 28)
                                          )
15                    Defendants.         )
                                          )   THIRTY-DAY DEADLINE
16   _____   )

17   **I.       Procedural History**

18           Plaintiff Anthony D. Wafer ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June

20   18, 2007.  This action proceeds against Defendants Suesberry, Reynolds, and Hasadsri for failure to

21   provide medication in violation of the Eighth Amendment.[1]  (ECF No. 49.)  Default has been entered

22   against Defendant Suesberry.  (ECF No. 58.)

23           On October 14, 2013, Defendants Reynolds and Hasadsri filed the instant motion to dismiss for

24   failure to exhaust administrative remedies and for failure to state a claim.[2]  Fed. R. Civ. P. 12(b).

25   Plaintiff did not file any opposition and the motion is deemed submitted.  Local Rule 230(l).

26

27   _____
     [1]         Defendant Hasadsri has been erroneously identified as "Hasadir" or "Hasadsir" in other papers and orders.
28   [2]         Defendants provided Plaintiff with notice of the requirements for opposing a motion to dismiss for failure to
     exhaust administrative remedies.  (ECF No. 53-3.); see Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003); see
     also Woods v. Carey, 684 F.3d 934, 940 n.6 (9th Cir. 2012).

                                                    1

## II.     Exhaustion of Administrative Remedies

### A.     Legal Standard

Defendants Hasadsri and Reynolds argue that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a), subjecting the action to dismissal.  Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id. at 1120.

### B.     Grievance Procedure

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDC Form 602 describing the specific issue and the action requested.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.7.  Under § 1997e, a

2

1  prisoner has exhausted his administrative remedies when he receives a decision at the Director's level.

2  See, Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

3      **C.   Discussion**

4          **1.   Relevant Allegations in Plaintiff's Second Amended Complaint**

5          The events alleged in Plaintiff's second amended complaint occurred while Plaintiff was

6  housed at California State Prison-Corcoran ("CSP-Corcoran").  Plaintiff alleges as follows:  On March

7  27, 2006, Plaintiff was taken to CSP-Corcoran's Acute Care Hospital for surgical removal of two

8  keloids, but the surgery was cancelled.  At that time, Plaintiff requested medications for pain, swelling

9  and infection, but no medications were ordered or issued by prison medical staff.

10         On May 10, 2006, Plaintiff was taken to Fresno U.M.C. for an evaluation by Dr. Yamaguchi.

11  Dr. Yamaguchi advised that he would not do the surgery on Plaintiff's keloids because CSP-Corcoran

12  had a treatment plan for successful surgery and recovery.  Dr. Yamaguchi later wrote a report claiming

13  that the surgery could not be done due to the recurrence of these types of keloids.  Dr. Yamaguchi

14  opted not to do the surgery.

15         On several dates, Defendant Reynolds advised Plaintiff that he had made several requests for

16  Plaintiff to be seen by a specialist so that pre- and post-operation radiation therapy could be completed

17  before the surgery.  None of this was completed by Defendant Reynolds.

18         On May 10, 2006, Defendant Reynolds advised Plaintiff that the visit with Dr. Yamaguchi was

19  to see if the prison could find a doctor who would be willing to do the surgery for less money.

20  Defendant Reynolds was aware of the pain, swelling, bleeding and infections, but failed to order any

21  medications that would assist Plaintiff while he waited for surgery.  Plaintiff clearly requested

22  medication for the pain and swelling, but Defendant Reynolds never ordered any for Plaintiff.

23         On August 2, 2006, Plaintiff was seen by Defendant Hasadsri, who was in charge of answering

24  a CDCR 602 filed on May 14, 2006.  The CDCR 602 related to the failure to receive proper medical

25  treatment for pain, swelling, infections and bleeding.  Defendant Hasadsri stated that he would

26  guarantee that Plaintiff would get to see the specialist for evaluation of the keloids and would submit

27  Plaintiff's medical concerns to the medical board for review and approval of needed surgery.  Plaintiff

28  again requested mediation for the pain and swelling, but none was ordered by Defendant Hasadsri.

A few months later, Plaintiff again saw Defendant Hasadsri.  Defendant Hasadsri sent Plaintiff away, claiming that there was nothing he could do for Plaintiff in regard to the keloids and that he was refusing to order any medication for Plaintiff.

On December 1, 2006, Plaintiff again saw Defendant Hasadsri.  Defendant Hasadsri stated that Plaintiff's medical records showed that Plaintiff was taken out of the prison facility to see a specialist.  Plaintiff insisted it was not true and requested to see the paperwork.  Defendant Hasadsri refused and requested that prison guards remove Plaintiff from his office as soon as possible.

### 2.  Relevant Appeals

According to CDCR records, between March 2006 and June 2007, when Plaintiff initiated this lawsuit, Plaintiff exhausted four appeals, which are identified as COR-06-02504, COR-06-01675, COR-06-04563, and COR-06-02477.  (Declaration of Lozano ("Lozano Dec.") at ¶ 5 and Exhibits A, B, C and D.)   Three of these appeals are wholly unrelated to this action.  The first two appeals, COR 06-2504 and COR-06-02477, relate to the issuance of a CDC Form, 115, Rules Violation Report, Log #3A-06-02-001, dated February 1, 2006, for Battery on an Inmate with a Weapon.  (Exs. A and B to Lozano Dec.)  The third appeal, COR-06-04563, relates to alleged staff misconduct by Correctional Rodriguez.  (Ex. D to Lozano Dec.)  However, the fourth appeal, COR-06-02477, relates to the treatment of Plaintiff's keloids.

In relevant part, appeal COR-06-02477, includes the following allegations involving Defendant Reynolds:

> "On 3/26/06, Appellant had a doctor's appointment with Doctor Reynolds in Administration Segregation Unit (A.S.U), and he assured Appellant that he would make recommendations for appellant to see Sarmicanic for an evaluation.  But instead on 5/10/06, Appellant was taken to Fresno University Medical Center to see yet another doctor, who claim [sic] he didn't feel comfortable doing this type of surgery.  So on 5/11/06, Appellant was seen again by Reynolds who told Appellant that the Utilization Management Office, CSP-Corcoran, claim [sic] they couldn't get Appellant in to see Sarmicanic, so they sent Appellant to the doctor at Fresno U.M.C. so they could save money with the surgery procedures. . . .Appellant plead [sic] with Reynolds to be refered [sic] back to Schuster for an evaluation and possible implementation for surgery."

(Ex. C to Lozano Dec.; ECF No. 53-2, pp. 25-26.)  Plaintiff's appeal included complaints of pain and bleeding and also assertions that, in spite of repeated requests, he never received any medication

following his April 2003 keloid surgery.  (ECF No. 53-2, p. 25.)  Plaintiff sought relief in the form of effective, proper and adequate pre-op and post-op radiation therapy and keloid surgery.  (Id. at p. 23.)

Defendant Hasadsri was not named in the appeal.  Instead, Defendant Hasadsri interviewed Plaintiff regarding his appeal at the First Level of Review.  (ECF No. 53-2, p. 27.)

### 3.    Analysis

The instant action proceeds against Defendants Reynolds and Hasadsri for failure to provide medication in violation of the Eighth Amendment.  The Court finds that Plaintiff has exhausted appeal as to Defendant Reynolds, but has not exhausted any appeal related to Defendant Hasadsri's alleged failure to provide medication.

With regard to Defendant Reynolds, the sole appeal related to Plaintiff's medical treatment for keloids, COR-06-02477, included Plaintiff's complaint regarding the failure to receive medication following his April 2003 surgery.  Although Plaintiff did not expressly name Defendant Reynolds in connection with such failure, Plaintiff's appeal sufficiently placed the prison on notice that Plaintiff's treating physicians allegedly failed to provide him with medication.  Cal. Code Regs., tit. 15 § 3084.2(a) (requiring the appeal to include a description of the "specific issue"); Jones, 127 S.Ct. at 923 ("The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and the not the PLRA, that define the boundaries of proper exhaustion.")  The Court therefore rejects Defendants' contention that Plaintiff failed to exhaust his administrative remedies with regard to the failure to provide medication claim against Defendant Reynolds.

However, the Court agrees with Defendants' contention that Plaintiff has not exhausted any administrative appeal with regard to the claim against Defendant Hasadsri for failure to provide medication.  Although Defendant Hasadsri interviewed Plaintiff at the First Level of Review, there is no indication that Plaintiff filed an appeal related to Defendant Hasadsri's alleged failure to provide medication.

For these reasons, the Court will recommend that Defendants' motion to dismiss be granted in part and denied in part.

///

5

**V.      Conclusion and Order**

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1.  Defendants' motion to dismiss for failure to exhaust administrative remedies be GRANTED IN PART and DENIED IN PART;

2.  Plaintiff's claim against Defendant Hasadsri be DISMISSED without prejudice for failure to exhaust administrative remedies; and

3.  This action proceed on Plaintiff's claims against Defendants Reynolds and Suesberry for failure to provide medication in violation of the Eighth Amendment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **January 15, 2014**                    /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE