1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY D. WAFER,                    )   Case No.: 1:07-cv-00865-AWI-BAM PC
                                          )
12                   Plaintiff,           )   FINDINGS AND RECOMMENDATIONS
                                          )   REGARDING PLAINTIFF'S MOTION FOR
13           v.                           )   DEFAULT JUDGMENT
                                          )
14   W. SUESBERRY, et al.,                )
                                          )   (ECF No. 59)
15                   Defendants.          )
                                          )   FOURTEEN DAY DEADLINE
16   _____ )

17   **I.      INTRODUCTION**

18           Plaintiff Anthony D. Wafer ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action currently proceeds

20   against Defendants Suesberry and Reynolds for failure to provide medication in violation of the Eighth

21   Amendment.  (ECF No. 49.)  Default has been entered against Defendant Suesberry.  (ECF No. 58.)

22           Plaintiff filed a Motion for Default Judgment against Defendant Suesberry on January 9, 2014,

23   and the matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

24   302.  Defendant Suesberry has not appeared in this action or otherwise filed a timely opposition to the

25   motion.  The motion is deemed submitted.  Local Rule 230(l).  For the reasons that follow, the Court

26   recommends denial of Plaintiff's motion for default judgment without prejudice.

27   ///

28   ///

                                                    1

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2009, Plaintiff filed his second amended complaint.  (ECF No. 17.)   Following screening pursuant to 28 U.S.C. § 1915A, this action proceeded against Defendants Suesberry, Reynolds and Hasadsir for failure to provide medication in violation of the Eighth Amendment.  (ECF No. 50.)

With regard to his claims against Defendant Suesberry, Plaintiff alleged as follows:

On April 24, 2003, W. Suesberry, MD, performed "excision surgery" on plaintiff to remove an "keloid" formation from the right side of plaintiff's head, behind his right ear.  During this procedure, Suesberry performed a[] "skingraft" on the right front neck area of plaintiff, without plaintiff's permission, to remove "skin & flesh" from that area to be sewn into the area on plaintiff's head, behind the right ear.  Upon being released from the out-patience surgery clinic at Delano Regional Medical Center, plaintiff was taken back to CSP-Corcoran, and was advised by prison staff that 'no pain medication' was ordered by the doctor, which is in violation of the treatment and pain management plan of CSP-Corcoran's Health Care Services… Plaintiff in turn questioned CSP-Corcoran's medical staff as to how to go about getting treatment for the pain and swelling he was experiencing, and to get medication to prevent any further infections from setting in on both surgery areas.  And at that time plaintiff was advised that no medication was on order from Dr. Suesberry's office or otherwise.  Dr. Suesberry's failure to proscribe medication, and further follow up medical treatment thus lead to further harm being done to plaintiff which caused not only the first keloid to return, due to not having proper medical treatment, but a second keloid begin to form due to delayed and denied medical treatment . . . .

(ECF No. 17, pp. 4, 7.)

Plaintiff further alleged:

On April 30, 2003[,] plaintiff was taken to Delano Regional Medical Center for a doctor[']s visit with Dr. Suesberry to have stiches removed from his neck.  Plaintiff asked Dr. Suesberry why he never ordered any pain medication, antibiotics, and medication to reduce swelling.  His response was that 'medication should have been ordered the evening of the surgery, or the next morning. But he and his office failed to do so.'

(ECF No. 17, p. 7.)

Plaintiff also alleged:

On May 14, 2003[,] plaintiff was once again . . . taken to Dr. Suesberry office at Delano Regional Medical Center for an appointment to have the stiches and gauge removed from the area on [his] head, behind [his] right ear.  And at that time plaintiff once again asked Dr. Suesberry as to why no medication was ever ordered after the surgery for pain, and to prevent swelling and infections[.]  Dr. Suesberry stated that 'you were suppose[d] to have

received something for at [least] 10 days from April 24th until May 4th or 5th.  Also, plaintiff asked why was my head gauge sewn into my skin behind my head so that it could never change[] because it has been given off a foul odor, as well as bleeding and it couldn't be changed?  The medical staff at CSP-Corcoran advised plaintiff that they couldn't take out the gauge due to no order coming from Dr. Suesberry's office in regards to changing the gauge.  So by that time infection had already begun to set in and spread in the area on plaintiff's head.  In Dr. Suesberry reply, he stated that 'sometimes it takes time with these things, this just happens to be one of those times, and I'm sure everything will be just fine.'[¶]   Plaintiff in turn advised Dr. Suesberry of the pain he was experiencing, in the area on his head, behind his right ear, and in his neck area.  Also, plaintiff advised Dr. Suesberry about the swelling and foul odor fluid and blood leaking from both areas.  Dr. Suesberry said he would order something for the pain and some ointment for the leaking and some antibiotics for the infections.  But after checking with the CSP-Corcoran's medical staff plaintiff discovered that no medication was ever ordered by Dr. Suesberry nor by any of his staff or the staff at CSP-Corcoran, thus inflicting unrestricted and unnecessary pain so foul or inhume as to constitute cruel and unusual punishment . . . [¶] [In August 2003,] plaintiff was once again taken to Dr. Suesberry's office for a[] follow up appointment, but Dr. Suesberry only applied some sterile cream on plaintiff's head and neck area and a couple of bandages and stated that, "everything will be all right, don't worry about."

(ECF No. 17, pp. 7-10.)

Plaintiff additionally alleged:

Several more months went by with plaintiff making numerous complaints about the pain and swelling he was suffering . . . plaintiff [was] seen by Dr. Suesberry, in which he gave plaintiff a few shots of 'kenalog' a steroid compound to possibly help keep down the growth of the keloids.  And being advised by Dr. Suesberry than an appointment had been scheduled by him . . . for plaintiff to be seen by a[] specialist in regards to having something done about the pain management and growth of the two keloids.

(ECF No. 17, pp. 10-11.)

Defendant Suesberry has not filed an answer to Plaintiff's complaint or otherwise made an appearance in this action.  On November 18, 2013, Plaintiff requested entry of default against Defendant Suesberry.  On November 20, 2013, the Court granted Plaintiff's motion for entry of default as to Defendant Suesberry, which was entered by the Clerk of Court.  (ECF Nos. 57, 58.)

Plaintiff's motion seeks compensatory damages in the amount of $300,000, and punitive damages in the amount of $300,000.  (ECF No. 59, p. 3.)

///

///

3

1    **III.    DISCUSSION**

2         **A.    Legal Standard**

3         Whether to grant or deny default judgment is within the discretion of the court.  See Aldabe v.

4    Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, the court considers the

5    following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive

6    merits of plaintiff's claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the

7    possibility of a dispute concerning material facts; (6) whether the default was due to excusable

8    neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible.  See Eitel

9    v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Regarding the last factor, a decision on the

10   merits is impractical, if not impossible, where a defendant refuses to defend.

11        Where a defendant has failed to respond to the complaint, the court presumes that all well-

12   pleaded factual allegations relating to liability are true.  See Geddes v. United Financial Group, 559

13   F.2d 557, 560 (9th Cir. 1977); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.

14   1987).  Therefore, when determining liability, a defendant's default functions as an admission of the

15   plaintiff's well-pleaded allegations of fact.  See Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978).

16   While factual allegations concerning liability are deemed admitted upon a defendant's default, the

17   court does not presume that any factual allegations relating to the amount of damages suffered are

18   true.  See Geddes, 559 F.2d at 560; TeleVideo Sys., Inc., 826 F.2d at 917-18.  The court must ensure

19   that the amount of damages awarded is reasonable and demonstrated by the evidence.  Fed. R. Civ. P.

20   55(b)(2)(C); Geddes, 559 F.2d at 560; TeleVideo Sys., Inc., 826 F.2d at 917-18.

21        **B.    Service of Plaintiff's Complaint Was Proper**

22        As a general rule, the Court considers the adequacy of service of process before evaluating the

23   merits of Plaintiff's motion for default judgment.  See Katzakian v. Check Resolution Service, Inc.,

24   No. 10-cv-00716-AWI-GSA, 2010 WL 5200912, *2 (E.D. Cal. Dec. 15, 2010).

25        Here, Defendant Suesberry waived service of the summons on September 4, 2013, and he did

26   not require service in the manner provided by Rule 4.  (ECF No. 55, p. 5.)  By waiving service,

27   Defendant Suesberry acknowledged that a judgment may be entered against him if an answer or

28

                                                  4

motion under Rule 12 was not filed within 60 days after 8/14/2013.  (ECF No. 55, p. 5.)  When a waiver is filed, proof of service is not required.  Fed. R. Civ. P. 4(d)(4).

### C.    Plaintiff Has Failed To Identify Damages Supported By Evidence

Plaintiff is required to prove all damages sought in the complaint.  Default judgment should not be granted when a moving party has failed to adequately establish the basis for the requested relief.  Hauge v. Adriatic Ins. Co., 2013 WL 5587365, *2 (E.D. Cal. Oct. 10, 2013).  In this case, Plaintiff has failed to present evidence in support of his request for damages.  Indeed, Plaintiff's motion is devoid of any calculations, declarations or exhibits identifying or supporting his damages.  At this time, the court declines to conduct a hearing regarding an unsupported damages request.  Fed. R. Civ. P. 55(b)(2)(B) (court may conduct a hearing to determine the amount of damages).  If Plaintiff chooses to renew his motion for default judgment, he should describe, with particularity, the amount of damages requested, the manner in which the damages amount was calculated, the legal and factual grounds for the damages, and he should include supporting documentation.

### IV.    FINDINGS AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Default Judgment be DENIED without prejudice.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C.§ 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __April 1, 2014__                    _/s/ Barbara A. McAuliffe_
                                             UNITED STATES MAGISTRATE JUDGE