UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. WAFER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. SUESBERRY, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-00865-AWI-BAM PC<br><br>ORDER GRANTING DEFENDANT SUESBERRY'S MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>(ECF No. 69) |

　　　　Plaintiff Anthony D. Wafer is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 20, 2013, the Clerk's Office was directed to enter default against Defendant Suesberry. Defendant Suesberry moved to set aside the entry of default on April 24, 2014, and Plaintiff filed an opposition on June 2, 2014.[1] (ECF Nos. 69, 86.) The Court finds a reply unnecessary and the motion is deemed submitted. Local Rule 230(l).

　　　　Once default has been entered against a defendant, the court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is

---

[1] Plaintiff reports that he did not receive a copy of Defendant Suesberry's motion to set aside default. Rather, Plaintiff learned of the motion through the Court's order regarding the settlement conference in this matter, which is scheduled for June 12, 2014. Although Plaintiff may not have received a copy of the motion, Plaintiff filed an opposition and the opposition has been considered by the Court. However, the Court issues the instant motion without awaiting a further response from Plaintiff as no prejudice will result from granting the motion and allowing the matter to proceed on the merits. Additionally, discovery did not open in this matter until April 29, 2014, after Defendant Suesberry filed the instant motion, and it does not conclude until December 29, 2014. (ECF No. 75.)

1

entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).  Therefore, "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)).  In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered.  American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000); O'Connor, 27 F.3d at 364.

   Defendant Suesberry argues that his failure to respond to the complaint was the result of inadvertence, that he has a meritorious defense, and that Plaintiff will not be prejudiced by setting aside the entry of default.  Plaintiff argues in opposition that the motion should not be granted because Defendant Suesberry did not respond to the complaint after completing the waiver, the Court directed entry of default, and Defendant Suesberry did not respond for more than thirty (30) days after entry of default by the Clerk of the Court.  Plaintiff asserts that he is entitled to default judgment.

   Defendant Suesberry is medical doctor practicing in Delano, California.  (Doc. 69-1, Suesberry Dec. ¶ 2.)  The waiver of service was mailed to Defendant Suesberry at Delano Regional Medical Center on August 14, 2013, and signed on September 4, 2013.  (Doc. 55, pp. 5-6.)  Defendant Suesberry attests that the signature on the waiver of service of his, but he does not have any specific recollection of signing the document.  (Doc. 69-1, Suesberry Dec. ¶ 4.)  Defendant Suesberry reports that he first became aware of the suit against him after he received a call from the Attorney General's office on April 4, 2014, and learned that default had been entered against him.  (Id. ¶ 5.)  Defendant Suesberry states that the only explanation for his inadvertence is that he runs a very busy medical office, he likely was given a stack of papers to sign by his assistant and he signed the document without reading it or appreciating the fact that he had been named in this lawsuit and needed to file an answer.  (Id. ¶ 4.)

Defendant Suesberry moved to set aside the default shortly after learning that it had been entered against him, and his failure to respond to the complaint after waiving service appears to be the result of inadvertence or otherwise excusable neglect.  There is no evidence in the record from which the Court may conclude that Defendant Suesberry willfully and intentionally failed to comply with the applicable rules.

At issue in this action is whether Defendant Suesberrry was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.  Defendant Suesberry argues that he has a meritorious defense, including that Plaintiff has failed to file his claims before the expiration of the relevant statute of limitations and that Plaintiff has failed to state a claim against him. The Court does not have sufficient information to determine whether Plaintiff's claims are barred by the statute of limitations and Plaintiff has not had an opportunity to oppose the statute of limitations arguments.  Under these circumstances, the Court cannot find that Defendant Suesberry lacks a meritorious defense.

As final matter, resolution of an action on its merits is favored.  Resolution by default is not. Plaintiff has demonstrated no actual prejudice and given that Defendant Suesberry moved to set aside entry of default shortly before discovery opened in this action, the Court can discern no prejudice to Plaintiff.  TCI Group, 244 F.3d at 701 (neither simple delay in resolution of a case nor merely requiring the plaintiff to litigate on the merits rather than allowing windfall by default constitutes prejudice).

Accordingly, based on the foregoing, Defendant Suesberry's motion to set aside entry of default, filed on April 24, 2014, is HEREBY GRANTED.

IT IS SO ORDERED.

Dated: **June 6, 2014**           /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE