# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. WAFER,<br><br>           Plaintiff,<br><br>     v.<br><br>W. SUESBERRY, et al.,<br><br>           Defendants. | 1:07-cv-00865-AWI-BAM (PC)<br><br>ORDER REGARDING MOTION FOR CLARIFICATION ON JUNE 12, 2014 COURT DATE BEING CANCELLED<br><br>(ECF No. 94) |

Plaintiff Anthony D. Wafer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action currently proceeds on Plaintiff's claim against Defendant Suesberry for failure to provide medication in violation of the Eighth Amendment.[1]

On May 1, 2014, the Court set this matter for a settlement conference before Magistrate Judge Sheila K. Oberto on June 12, 2014.  (ECF No. 76.)  The Court also issued an order and writ of habeas corpus ad testificandum to secure Plaintiff's transportation for the settlement conference.  (ECF No. 77.)  On June 11, 2014, the Court vacated the scheduling conference and the writ.  (ECF No. 91.)

On June 19, 2014, Plaintiff filed the instant motion requesting clarification regarding cancellation of the settlement conference.  Plaintiff explains that he was advised by Valley State Prison staff that the court date had been cancelled, but was not provided any other information.

---

[1] Pursuant to the parties' stipulation, Defendant Reynolds was dismissed from this action with prejudice. Defendant Suesberry is the only remaining defendant in this action.

1

1  Plaintiff reports that he submitted a settlement offer to Defendant Suesberry.  Although
2  Defendant Suesberry did not respond to Plaintiff's offer, Plaintiff received notice that Defendant
3  Suesberry submitted a confidential settlement conference statement.  Plaintiff now requests
4  clarification as to cancellation of the settlement conference and a copy of Defendant Suesberry's
5  confidential settlement conference statement.  (ECF No. 94.)

6  Plaintiff's request for clarification is GRANTED.  The Court vacated the settlement
7  conference based on a determination "that this case will not further benefit from a settlement
8  conference at this time."  (ECF No. 91.)  As appropriate, the parties may jointly request a
9  settlement conference at a future date and time.

10  With regard to the request for Defendant Suesberry's settlement statement, Plaintiff's
11  request is DENIED.  The Court will not forward Plaintiff a copy of Defendant Suesberry's
12  confidential settlement conference statement.  Any such statement is confidential and is intended
13  solely for the Magistrate Judge handling the settlement conference.  However, Plaintiff is not
14  precluded from communicating with defense counsel regarding a settlement demand or offer and
15  attempting to settle the case directly through defense counsel.

17  IT IS SO ORDERED.

Dated:   **July 1, 2014**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE