1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

ANTHONY D. WAFER,

12

Plaintiff,

13

v.

14

W. SUESBERRY, et al.,

15

Defendants.

16

1:07-cv-00865-AWI-BAM (PC)

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

(ECF No. 15)

17       Plaintiff Anthony D. Wager ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

19   Defendant Suesberry for failure to provide medication in violation of the Eighth Amendment to

20   the United States Constitution.

21       On September 23, 2014, Defendant Suesberry filed a motion for judgment on the

22   pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 109.)  On February 13,

23   2015, the Court ordered Plaintiff to file an opposition or statement of non-opposition to the

24   motion within twenty-one days.  (ECF No. 112)  On March 13, 2015, the Court granted Plaintiff's

25   request for a thirty-day extension of time to file his opposition  due to the temporary closure of

26   the law library at California State Prison-Los Angeles County.  (ECF No. 114.)

27       On March 27, 2015, Plaintiff filed the instant motion for the appointment of counsel.

28   (ECF No. 115.)  Defendants opposed the motion on March 30, 2015.  (ECF No. 116.)  The Court

finds an optional reply unnecessary and the motion is deemed submitted.  Local Rule 230(l).

As Plaintiff was informed by order dated August 11, 2014, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff lacks legal training and the issues in this case require significant research, his case is not exceptional.  This Court is faced with similar cases almost daily from prisoners with no legal training alleging deliberate indifference to serious medical needs.  Insofar as Plaintiff argues that this case presents exceptional circumstances based upon the temporary closure of the law library, appointment of counsel is not the appropriate means to address this issue.  Rather, if Plaintiff requires additional time to conduct research or meet relevant court deadlines, then he should request an extension of time.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.  Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   __April 2, 2015__          _____/s/ Barbara A. McAuliffe_____
                                   UNITED STATES MAGISTRATE JUDGE